AO 91 (Rev. 11/11) Criminal Complaint          AUSA Prashant Kolluri (312) 886-9085

FILED
8/9/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JAMEL DANZY

CASE NUMBER: 1:21-cr-00491

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. From approximately on or about March 18, 2021, to approximately on or about March 25, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 371 | conspired with Individual A, and with others unknown, to violate the laws of the United States, namely, knowingly transferring and giving a firearm to an out-of-state resident, in violation of Title 18, United States Code, Section 922(a)(5); knowingly making a false written statement to acquire a firearm, in violation of Title 18, United States Code, Section 922(a)(6); and selling and otherwise disposing of a firearm to a person, knowing and having reasonable cause to believe that such person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1). |

This criminal complaint is based upon these facts:

__X__ Continued on the attached sheet.

CHRISTOPHER J. LABNO
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: August 9, 2021

Judge's signature

City and state: Chicago, Illinois

JEFFREY T. GILBERT, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, CHRISTOPHER J. LABNO, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed since approximately 2001. I am currently assigned to the Chicago Field Office, Organized Crime Drug Enforcement Task Force, Chicago I Enforcement Group. My responsibilities include the investigation of violations of law as they relate to federal firearms offenses, including the unlawful possession of firearms or ammunition by convicted felons, firearms trafficking, violent crime, and narcotics trafficking.

2. This affidavit is submitted in support of a criminal complaint alleging that JAMEL DANZY conspired with a known individual ("Individual A"), and with others unknown, to: (a) transfer, sell, trade, give, transport, and deliver a firearm to a person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knew and had reasonable cause to believe did not reside in the State in which the transferor resided, in violation of Title 18, United States Code, Section 922(a)(5); (b) knowingly make any false and fictitious oral or written statement or to furnish and exhibit any false, fictitious, and misrepresented identification in connection with the acquisition and attempted acquisition of a firearm and ammunition that was intended and likely to deceive a licensed importer, licensed manufacturer, licensed dealer, or licensed collector with respect to any fact

material to the lawfulness of the sale and other disposition of such firearm and ammunition, in violation of Title 18, United States Code, Section 922(a)(6); and (c) sell and otherwise dispose of any firearm and ammunition to a person knowing and having reasonable cause to believe that such person has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1), all in violation of Title 18, United States Code, Section 371.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging DANZY with conspiracy, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that DANZY committed the offense alleged in the complaint.

4. This information set forth in this affidavit is based on my personal knowledge and observations, information provided to me by other law enforcement personnel, and my training and experience.

## I. FACTS SUPPORTING PROBABLE CAUSE

### A. The Killing of Chicago Police Officer Ella French

5. According to Chicago Police Department (CPD) personnel and reports and based on my personal knowledge and observations, on or about August 7, 2021, at approximately 9:00 p.m., CPD officer Ella French and two other CPD officers conducted a traffic stop of a Honda CR-V sports utility vehicle with an Indiana license

plate ("Vehicle A") near the intersection of 63rd Street and Bell Avenue in Chicago, Illinois.

6. During the traffic stop, Officer French was shot and killed by one or more of Vehicle A's occupants, and one of the other CPD officers was also shot and is currently in critical condition at a local hospital.

7. Responding CPD officers placed several individuals in custody, including Individual A, who was one of Vehicle A's occupants during the traffic stop. At the time he was apprehended by CPD officers, Individual A possessed a Glock Model 44, .22 caliber semi-automatic pistol bearing serial number AFBZ467 ("Firearm A").

8. Based on my personal observations and my conversations with other law enforcement officers, Firearm A was the gun that was used to kill Officer French and shoot the other CPD officer. Below are photographs of Firearm A:



3



**B.  Law Enforcement Determines that Vehicle A and Firearm A Are Linked to DANZY.**

9.  A computer records check of the Indiana Bureau of Motor Vehicles revealed that Vehicle A was registered to DANZY at an address in Hammond, Indiana. According to CPD personnel and based on my personal knowledge and observations, DANZY was not present at the August 7, 2021 traffic stop.

10. On or about August 8, 2021, at approximately 1:15 a.m., I and other ATF agents initiated an urgent trace of Firearm A through the ATF National Tracing Center.[1] At approximately 9:30 a.m., I learned that DANZY purchased Firearm A from a Federal Firearm Licensed ("FFL") dealer in Hammond, Indiana ("FFL Dealer

---

[1] Based on my training and experience, I know that the ATF National Tracing Center is the United States' only firearm-tracing facility and allows law enforcement to track the movement of a firearm from its manufacture or introduction into U.S. commerce through the distribution chain (*e.g.*, wholesalers and retailers).

4

A"), on or about March 18, 2021, and that FFL Dealer A transferred Firearm A to DANZY on or about March 25, 2021.

11. On or about August 8, 2021, an ATF agent went to FFL Dealer A's facility in Hammond, Indiana, and obtained a copy of the ATF Form 4473 that DANZY signed when he purchased Firearm A. Based on my training and experience, I know that ATF Form 4473 is a form created by ATF for use by FFL dealers. The Form 4473 must be filled out by anyone who purchases a firearm from an FFL dealer and captures important data such as the make, model, and serial number of the firearm(s) being sold, as well as the individual purchaser's name, address, and other demographic data. Form 4473 also asks the prospective gun purchaser approximately 13 questions designed to ensure that the firearm is going to be sold legally to someone not prohibited from possessing a firearm (*e.g.*, a convicted felon, an unlawful drug user, or a convicted domestic abuser), and that the prospective gun purchaser is the actual buyer of the firearm. Specifically, Question 21(a) on Form 4473 asks: "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)? **WARNING: You are not the actual transferee / buyer if you are acquiring the firearm(s) on behalf of another person.**" This question is designed to alert any "straw purchaser" of a firearm that he or she cannot purchase the firearm on behalf of another individual.[2]

---

[2] Based on my training and experience, I know that a "straw purchaser" is an individual who, when purchasing a firearm from an FFL dealer, falsely certifies on ATF Form 4473 that he or she is the actual buyer of the firearm when, in fact, he or she is buying the firearm on behalf of someone else.

C. **Law Enforcement Interviews DANZY.**

12. On or about August 8, 2021, at approximately 2:26 p.m., I and two other ATF agents made contact with DANZY at the restaurant at which he works ("Restaurant A") in Munster, Indiana. I and the other agents introduced ourselves to DANZY, who indicated that he would like to speak with us outside of Restaurant A.

13. Once outside in the parking lot of Restaurant A, DANZY asked if he was under arrest. I and the other agents told DANZY that he was not under arrest and that we wanted to interview DANZY if he would agree to speak with us. DANZY agreed to be interviewed, and I, the other agents, and DANZY went inside my government-owned vehicle, which was located in the parking lot of Restaurant A, for the interview. The interview was audio-recorded.

14. The following is a summary of ATF's interview with DANZY: Agents began the interview by showing DANZY a copy of the ATF Form 4473 documenting DANZY's purchase of Firearm A from FFL Dealer A. DANZY examined the form and said that he recalled filling out the form and recognized his signature. DANZY initially lied to the agents about his purchase of Firearm A, claiming that the purchase was legitimate. However, after further questioning, DANZY admitted that he was lying and said that he had purchased Firearm A for Individual A, at Individual A's request, because DANZY knew that Individual A could not legally purchase or possess a firearm due to a criminal conviction in Wisconsin. DANZY said that he did not know the specific details of Individual A's conviction but thought that it involved

firearms.[3] DANZY stated that Individual A told DANZY to buy Individual A a Glock Model 44, .22 caliber pistol and that Individual A showed DANZY a photograph of that type of firearm when DANZY and Individual A were at DANZY's residence in Hammond, Indiana.

15. DANZY admitted that when he purchased Firearm A for Individual A in Indiana, DANZY knew that Individual A lived in Illinois. Specifically, DANZY said that, prior to purchasing Firearm A for Individual A, DANZY knew that Individual A lived in Chicago and that DANZY had driven Individual A to Individual A's residence in Chicago.

16. During the interview, I showed DANZY an unlabeled photograph of Individual A, and DANZY identified Individual A as the person for whom DANZY purchased Firearm A. DANZY further stated that he has been in a relationship with Individual A for approximately three years and knows Individual A very well. DANZY also said that, prior to DANZY purchasing Firearm A for Individual A, Individual A had given DANZY money to purchase Vehicle A. DANZY said that he used Vehicle A to drive to and from work and also sometimes let Individual A use Vehicle A.

17. When asked when and where he gave Firearm A to Individual A, DANZY responded that a short time after DANZY picked up Firearm A from FFL

---

[3] A computer records check of the National Crime Information Center (NCIC) showed that on or about June 2, 2018, Individual A was initially charged with armed robbery in the Circuit Court of Dane County, Wisconsin, and that on or about June 17, 2019, Individual A was convicted of felony theft in the Circuit Court of Dane County, Wisconsin, and sentenced to three years' probation.

Dealer A on or about March 25, 2021, Individual A drove from Chicago, Illinois, to DANZY's residence in Hammond, Indiana, and DANZY gave Firearm A to Individual A.

18. At that point in the interview, I again showed DANZY a copy of the ATF Form 4473 documenting his purchase of Firearm A from FFL Dealer A. With respect to his response to Question 21(a) on the form, DANZY admitted that he lied because he had purchased Firearm A for Individual A and not himself.[4]

## II. CONCLUSION

19. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that from approximately on or about March 18, 2021, to approximately March 25, 2021, JAMEL DANZY and Individual A conspired with each other, and with others unknown, to: (a) transfer, sell, trade, give, transport, and deliver a firearm to a person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knew and had reasonable cause to believe did not reside in the State in which the transferor resided, in violation of Title 18, United States Code, Section 922(a)(5); (b) knowingly make any false and fictitious oral or written statement or to furnish and exhibit any false, fictitious, and misrepresented identification in connection with the acquisition and attempted acquisition of a firearm and ammunition that was intended and likely to deceive a licensed importer, licensed manufacturer, licensed dealer, or licensed collector with

---

[4] During the interview, DANZY also admitted that he had purchased a different firearm from FFL Dealer A for his cousin, who DANZY knew was a convicted felon who could not legally purchase or possess a firearm.

respect to any fact material to the lawfulness of the sale and other disposition of such firearm and ammunition, in violation of Title 18, United States Code, Section 922(a)(6); and (c) sell and otherwise dispose of any firearm and ammunition to a person knowing and having reasonable cause to believe that such person has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1), all in violation of Title 18, United States Code, Section 371.

FURTHER AFFIANT SAYETH NOT.

CHRISTOPHER J. LABNO
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone on August 9, 2021.

Honorable JEFFREY T. GILBERT
United States Magistrate Judge