

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 491 |
| v. | Judge Robert W. Gettleman |
| JAMEL DANZY | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant JAMEL DANZY, and his attorney, HOLLY BLAINE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The indictment in this case charges defendant with conspiracy to commit federal firearm offenses, in violation of Title 18, United States Code, Section 371.

3. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with conspiracy to commit federal firearm offenses, in violation of Title 18, United States Code, Section 371.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

Beginning in or around March 2021, and continuing until in or around August 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JAMEL DANZY, who was not a licensed firearms dealer, manufacturer, importer, or collector within the meaning of Chapter 44, Title 18, United States Code, conspired with Individual A to commit the following offenses against the United States: (a) to transfer, sell, trade, give, transport, and deliver a firearm to a person, namely Individual A, who defendant knew and had reasonable cause to believe was not a resident of the State in which defendant resided, in violation of Title 18, United States Code, Section 922(a)(5); (b) to knowingly make any false and fictitious oral and written statement and to furnish and exhibit any false, fictitious, and misrepresented identification in connection with the acquisition and attempted acquisition of a firearm and ammunition from a licensed dealer that was intended and likely to

2

deceive the licensed dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm and ammunition, in violation of Title 18, United States Code, Section 922(a)(6); and (c) to sell and otherwise dispose of any firearm and ammunition to a person, namely Individual A, knowing and having reasonable cause to believe that such person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1), all in violation of Title 18, United States Code, Section 371.

More specifically, in approximately March 2021, Individual A asked DANZY to buy Individual A a firearm, and DANZY agreed to do so. At that time, DANZY (a) knew that Individual A was a resident of the State of Illinois and was not a resident of the State of Indiana, where DANZY resided, and (b) had reasonable cause to believe that Individual A was a convicted felon.

On or about March 25, 2021, DANZY visited a federally licensed firearms dealer located in Hammond, Indiana ("Dealer A"), and purchased a Glock Model 44, .22 caliber semiautomatic pistol bearing serial number AFBZ467 ("Firearm One") from Dealer A. That same day, DANZY completed a Form 4473 Firearms Transaction Record in connection with his purchase of Firearm One from Dealer A and certified on the form that he was the actual transferee/buyer of Firearm One. At the time, DANZY knew that his certification on the Form 4473 Firearms Transaction Record

3

was false because DANZY purchased Firearm One for Individual A and therefore was not the actual transferee/buyer of Firearm One.

After purchasing Firearm One, DANZY transferred Firearm One to Individual A. On or about August 7, 2021, Chicago Police officers recovered Firearm One in connection with a traffic stop involving Individual A during which one police officer was shot and killed and a second police officer was seriously wounded.

DANZY admits to having committed the following additional unlawful purchase of a firearm and that the purchase constitutes relevant conduct pursuant to Guideline § 1B1.3(a)(2): On or about March 17, 2021, DANZY visited Dealer A and purchased a Glock Model 19, 9mm semiautomatic pistol bearing serial number BSKT584 ("Firearm Two") from Dealer A. That same day, DANZY completed a Form 4473 Firearms Transaction Record in connection with his purchase of Firearm Two from Dealer A and certified on the form that he was the actual transferee/buyer of Firearm Two. At the time, DANZY knew that his certification on the Form 4473 Firearms Transaction Record was false because DANZY purchased Firearm Two for Individual B and therefore was not the actual transferee/buyer of Firearm Two. After purchasing Firearm Two, DANZY transferred Firearm Two to Individual B, knowing that Individual B was a convicted felon.

### Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

4

      a.    A maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

      b.    Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.    Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level is 14, pursuant to Guideline §§ 2K2.1(a)(6) and 2X1.1(a) because defendant conspired to violate (a) 18 U.S.C. § 922(d) and (b) 18 U.S.C. § 922(a)(6) and committed the offense with the knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm to a prohibited person.

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

c.   **Criminal History Category.**  With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.   **Anticipated Advisory Sentencing Guidelines Range.**

Therefore, based on the facts now known to the government, the anticipated offense level is 12, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 10 to 16 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e.   Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall

7

not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. Defendant agrees to waive and abandon any right, title, or interest he has in the following property: the Glock Model 44, .22 caliber semiautomatic pistol bearing serial number AFBZ467, and associated ammunition. Defendant understands that the government, after publication of notice to others who may have an interest in the above property, will seek an order of abandonment from the Court, thereby authorizing the United States to destroy or otherwise dispose of such property according to law. Defendant understands that abandonment of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

15. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21 CR 491.

16. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other

federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

17. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a

reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

    iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.    At a trial, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

    viii.    With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine

11

whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

        b.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

    18.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

    19.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

    20.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's

Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

22. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing

financial statements and supporting records as requested by the United States Attorney's Office.

23. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

24. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____

*John R. Lausch, Jr.* by SME
_____
JOHN R. LAUSCH, JR.
United States Attorney

PRASHANT KOLLURI
Digitally signed by PRASHANT KOLLURI
Date: 2022.07.19 12:56:20 -05'00'
_____
PRASHANT KOLLURI
Assistant U.S. Attorney

_____
JAMEL DANZY
Defendant

_____
HOLLY BLAINE
Attorney for Defendant

limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: Jul 26, 2022

*John R. Lausch, Jr.* by SME
JOHN R. LAUSCH, JR.
United States Attorney

*Jamel Danzy (Jul 26, 2022 19:47 CDT)*
JAMEL DANZY
Defendant

PRASHANT KOLLURI
Assistant U.S. Attorney

HOLLY BLAINE
Attorney for Defendant

15